UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES PAUL OTTERSON,<br><br>      Plaintiff(s),<br><br>v.<br><br>INTERMOUNTAIN HEALTH, INC., et al.,<br><br>      Defendant(s). | Case No. 2:21-cv-02135-JAD-NJK<br><br>**Order**<br><br>[Docket Nos. 20, 24, 27] |

Pending before the Court are Plaintiff's motions for continuance and Defendant's motion to strike. Docket Nos. 20, 24, 27.

Plaintiff's first motion for continuance appears to have been filed in the wrong case. *See* Docket No. 20 at 1 (identifying "Grubhub" as the defendant). Hence, the Court will deny that motion without prejudice. To the extent Plaintiff is seeking relief in another case of his, he must properly file a motion in that case.

Plaintiff's second motion for continuance essentially asks the Court to halt these proceedings while he travels for several weeks. Docket No. 24. The Court will deny this motion. Plaintiff initiated this case and has a duty to prosecute it. Fed. R. Civ. P. 41(b). Moreover, discovery has been stayed, Docket No. 19, and the motion does not sufficiently explain why Plaintiff cannot comply with any other deadlines or obligations in advancing this case notwithstanding that he may be traveling. The Court declines to halt the case in its entirety. To the extent Plaintiff can establish good cause for relief from any particular deadline or obligation that arises, he may file a request specific to that issue.

Defendant's motion to strike seeks relief on the grounds that the above two motions are "rogue" and extraneous. Docket No. 27. The Court will deny this motion. District courts have authority to strike an improper filing under their inherent power to control the docket. *E.g.*, *Ready*

*Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010); *Metzger v. Hussman*, 682 F. Supp. 1109, 1110-11 (D. Nev. 1988). "Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts have expressed reluctance at striking filings without some showing of prejudice to the moving party. *See, e.g., Mitchell v. Nev. Dept. Of Corr.*, 2017 U.S. Dist. Lexis 174002, at *1 (D. Nev. Oct. 20, 2017)). "Especially with respect to filings of *pro se* litigants who may be unfamiliar with the technical aspects of the applicable rules, it is not a useful expenditure of resources to entertain motions to strike without any showing of prejudice." *Zeddies v. Clark Cnty. Sch. Dist.*, 2021 WL 2583545, at *2 (D. Nev. June 23, 2021). The Court is denying the underlying motions for continuance as stated above. Defendant has not shown that further relief in the form of striking is necessary or appropriate.

Accordingly, the Court **DENIES** Plaintiff's motions for continuance and Defendant's motion to strike.

IT IS SO ORDERED.

Dated: April 1, 2022

_____
Nancy J. Koppe
United States Magistrate Judge