UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES PAUL OTTERSON,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>INTERMOUNTAIN HEALTH, INC., et al.,<br><br>　　　　Defendant(s). | Case No. 2:21-cv-02135-CDS-NJK<br><br>**Order**<br><br>[Docket Nos. 37, 44] |

　　　　Pending before the Court is Defendant's motion to seal documents.  Docket No. 37; *see also* Docket No. 39 (sealed documents).  It appears that Plaintiff opposes the motion to seal.  *See* Docket No. 42-3 (a "Motion to Oppose Sealing Documents" that appears to have been filed in the wrong case).  Defendant filed a reply.  Docket No. 42.[1]  Also pending before the Court is Defendant's second motion to seal.  Docket No. 44.  A response has not been filed to that motion.  The motions are properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed more fully below, the motions to seal are **GRANTED**.

　　　　There is a strong presumption of public access to judicial records.  *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010).  Parties "who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that 'compelling reasons' support

---

[1] The reply argues that the motion to seal should be granted as unopposed.  The Court has discretion to grant a motion as unopposed when a response has not been filed.  Local Rule 7-2(d).  The Court declines to summarily grant Defendant's motion to seal as unopposed, however, as the Court is balancing the parties' interest in privacy against the *public's* interest in transparency.  The Court will address the motion to seal on its merits.

1

secrecy." *Kamakana*, 447 F.3d at 1180.[2]  The Ninth Circuit has indicated that "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 598 (1978)).

In the context of documents filed in conjunction with a motion to enforce settlement, the mere fact that the agreement contains a confidentiality provision is not sufficient to seal all information related to the settlement agreement or settlement discussions. *Harper*, 552 F. Supp. 3d at 1041; *see also* Local Rule 16-5 ("In the event of a dispute to enforce a settlement agreement, the court may order the disclosure of confidential information").  Greater transparency is required given that the parties have turned to federal court to resolve their dispute as to the settlement. *Harper*, 552 F. Supp. 3d at 1041.  Nonetheless, courts are also mindful of the policy interests in allowing settlement discussions to remain confidential. *See id.*  In light of the competing interests, this Court has taken a middle approach "whereby the terms of settlement pertinent to analyzing the motion to enforce will not be kept secret, but the terms that are irrelevant to the motion to enforce will be kept secret." *Id.* at 1042 (citing *United States ex rel. Lesnik v. Eisenmann SE*, 2021 WL 2092944, at *3 (N.D. Cal. May 11, 2021) and *Pizza v. Fin. Indus. Regul. Auth., Inc.*, 2015 WL 1383142, at *2 (N.D. Cal. Mar. 19, 2015)).

Defendant's motions to seal seeks secrecy for settlement communications, as well as a draft settlement agreement. *See* Docket Nos. 39, 45.  Confidentiality is a material term of the settlement.  Moreover, there is no dispute in this case as to any of the terms of settlement.  The only issue before the Court is whether a binding agreement was reached.  The information necessary to address that issue is already available in the public record. *See* Docket No. 36-2.  Hence, there are compelling reasons to allow sealing that are not outweighed by the public's interest in seeing the underlying information.

---

[2] For purposes of this analysis, a motion to enforce settlement is considered to be dispositive in nature. *E.g.*, *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040 & n.6 (D. Nev. 2021).

Accordingly, Defendant's motions to seal are **GRANTED**.

IT IS SO ORDERED.

Dated: May 18, 2022

_____
Nancy J. Koppe
United States Magistrate Judge